IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VASQUEZ, VLADIMIR S.,**<br>4151 Finadene Court<br>Colorado Springs, CO 80916<br><br>    Plaintiff.<br><br>v.<br><br>**CHRISTINE E. WORMUTH,**<br>*in her official capacity as Secretary of the Army,*<br>1500 Army Pentagon,<br>Washington, DC 20310<br><br>    Defendant. | 1:24-cv-01373<br><br>Date: April 4, 2024 |

## COMPLAINT

Plaintiff Vladimir S. Vasquez brings this action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. Plaintiff seeks judicial review of an Army Board for Correction of Military Records ("ABCMR") final decisions dated December 17, 2014, and August 7, 2023, which denied Plaintiff's request for records correction. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act.

2. Venue is proper under 28 U.S.C. § 1391(e)(1).

### PARTIES

3. Plaintiff Vladimir S. Vasquez ("Plaintiff") is a former member of the United States Army. Plaintiff served in the United States Army from November 8, 2001, to December 6, 2007.

4. Defendant Christine E. Wormuth ("Defendant") is the Secretary of the Army and is named in her official capacity only. Defendant acts through the ABCMR under 10 U.S.C. § 1552(a)(1) and 32 C.F.R. § 581.3(c)(1).

## FACTUAL ALLEGATIONS

5. On November 8, 2001, Plaintiff began active duty in the United States Army as a Cannon Crewmember. Plaintiff entered active service without any medical issues noted in his service medical intake.

6. From March 21, 2003, to March 1, 2004, and March 6, 2005, to February 19, 2006, Plaintiff served in Iraq in Operation Iraqi Freedom.

7. Between March 21, 2003, to March 1, 2004, and March 6, 2005, to February 19, 2006, Plaintiff helped clean up human remains from enemy Improvised Explosive Device ("IED") detonations, aided in securing a downed helicopter, and suffered weekly mortar detonations at his base of operations.

8. Before 2005, Plaintiff began treatment for Post-Traumatic Stress Disorder ("PTSD").

9. On June 7, 2005, the Army awarded Plaintiff the Combat Action Badge.

10. On June 8, 2006, in a post-deployment Psychiatric Evaluation Comprehensive Examination, Plaintiff's medical provider provided Plaintiff with "resources and stress management techniques" and directed Plaintiff to follow up as needed but did not flag Plaintiff for any duty limitations due to disability.

11. On July 14, 2007, Plaintiff was in a car accident accompanied by his wife, who was a passenger in his vehicle. Plaintiff's wife died as a result of the accident.

12. On December 6, 2007, the Army Honorably discharged Plaintiff for compassionate reasons. The Army discharged Plaintiff for Plaintiff to return home to his family because of the passing of Plaintiff's wife.

13. On August 29, 2008, Plaintiff applied for disability compensation for his PTSD with the Department of Veterans' Affairs ("DVA").

14. Around December 13, 2008, Plaintiff left civilian employment after two months due to PTSD interfering with his capacity to work.

15. On May 5, 2009, the DVA granted the Veteran service connection for his PTSD. The Veteran received a 10% rating effective December 7, 2007, and a 100% rating effective March 22, 2009.

16. Around March 26, 2014, Plaintiff applied for correction of his military records with the ABCMR. Plaintiff requested correction of his discharge to medical discharge due to PTSD, which Plaintiff incurred in service.

17. On December 17, 2014, the ABCMR denied Plaintiff's application. The ABCMR found there was no probable error or injustice presented in Plaintiff's records because, *inter alia,* there was insufficient evidence he was unfit due to disabling medical conditions at the time of separation.

18. In 2022, Plaintiff submitted a Request for Reconsideration to the ABCMR, submitting new evidence with his Request. Plaintiff's new application included letters of support from his current spouse, fellow soldiers, and the mayor of the Iraqi city of Tall 'Afar, as well as a recent DVA rating decision for a traumatic brain injury.

19. On August 7, 2023, after receiving Plaintiff's Request for Reconsideration, the ABCMR denied Plaintiff correction again. The ABCMR determined, *inter alia*, that Plaintiff's

evidence did not indicate the presence of a medical condition before Plaintiff's discharge that would have warranted referral into the Department of Defense ("DoD") military disability system, thus preventing correction of Plaintiff's records.

## COUNT ONE

## Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

20. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 19, as if fully set forth herein.

21. The ABCMR's decisions constituted final agency actions.

22. The ABCMR's decisions of December 2014 and August 2023 denying correction of Plaintiff's medical records contained manifest errors. These decisions made conclusions that were contradicted and unsupported by Plaintiff's personnel file and were contrary to evidence submitted by Plaintiff.

23. Accordingly, the ABCMR's decisions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and must be set aside under 5 U.S.C. § 706(2)(A).

24. Plaintiff suffers ongoing, irreparable harm and will continue to suffer harm until the ABCMR's decision is set aside.

## PRAYER FOR RELIEF

25. WHEREFORE, Plaintiff Vladimir S. Vasquez prays this Court to enter judgment in favor as follows:

26. Finding that the ABCMR's December 2014 and August 2023 decisions to deny Plaintiff's Application and Request for Reconsideration to correct Plaintiff's military records, withholding proper correction, as arbitrary and capricious.

27. In the alternative, remanding the decisions to the ABCMR with specific instructions to reconsider Plaintiff's Application in conjunction with Plaintiff's arguments and evidence, and

28. Granting other relief as the Court may deem just and proper.

Respectfully,

/s/
Michael D.J. Eisenberg, Esq.
Counsel for Plaintiff
Law Office of Michael D.J. Eisenberg
One Metro Center
700 12th Street NW, Ste. 700
Washington, D.C. 20005
O: 202.558.6371
F: 202.403.3430
Michael@eisenberg-lawoffice.com