UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VLADIMIR S. VASQUEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **DANIEL P. DRISCOLL**, in his official capacity as Secretary of the Army, <br><br> Defendant. | Case No. 1:24-cv-1373 (TNM) |

## MEMORANDUM OPINION

Vladimir Vasquez requested early separation from the U.S. Army nearly two decades ago. He believes the military erred by granting his discharge request instead of medically retiring him because of Post-Traumatic Stress Disorder ("PTSD"). He asked the Army Board for Correction of Military Records to change his discharge to a medical retirement, but it refused. So Vasquez is suing the Secretary of the Army,[1] seeking a redo of the Board's decision.

Both parties move for summary judgment. The focal point is whether the Board applied the correct standard of review. Vasquez contends that the Board abused its discretion by failing to give his request "liberal consideration" as required by statute and military policy. The Secretary maintains that liberal consideration does not apply to Vasquez's situation. The Secretary is mistaken. So the Court will grant Vasquez's motion for summary judgment and vacate and remand the Board's decision for reconsideration under the correct standard.

---

[1] Defendant Daniel Driscoll replaced the former Secretary, Christine Wormuth. Under Federal Rule of Civil Procedure 25(d), when a public officer sued in an official capacity vacates the office while the action is pending, her successor is automatically substituted as a party.

I.

Vasquez served in the Army from 2001 until 2007. Compl., ECF No. 1, ¶ 3. In 2007, he and his wife were in a serious car accident. Compl. ¶ 11. Tragically, his wife did not survive. *Id.* In the aftermath, he requested—and was granted—early administrative separation from the military so he could raise his son. *See* Compl. ¶ 12; Administrative Record ("A.R."), ECF No. 21, at 4, 7. This is commonly called a "hardship" discharge. *See* A.R. at 4. He was honorably discharged in December 2007. *Id.*

The year after separating from the Army, Vasquez applied for disability with the Department of Veterans Affair ("VA") based on PTSD. Compl. ¶ 13. His PTSD stems from two tours in Iraq, where he experienced "weekly mortar detonations at his base" and "helped clean up human remains" in the wake of Improvised Explosive Device detonations. Compl. ¶¶ 6–7. The VA found that his service-connected PTSD qualified him for a 10% disability rating effective December 7, 2007, and a 100% rating effective March 22, 2009.[2] Compl. ¶ 15.

In 2014, Vasquez asked the Board to modify his voluntary discharge and reclassify it as a medical retirement based on PTSD. Compl. ¶ 16; *see also* A.R. at 129–30. The Board denied his request. It found insufficient evidence that he had a condition rendering him unfit for continued service—and thus eligible for medical retirement—when he separated. Compl. ¶ 17; A.R. at 134–36.

Several years later in 2017, the Department of Defense ("DoD") changed how the Board evaluates discharge modification requests involving PTSD. Then-Under Secretary of Defense

---

[2] A VA disability rating is different from a medical retirement determination. Medical retirement decisions fall outside the VA's purview and turn on different criteria than VA disability ratings. *See* Def.'s Mot. Summ. J., ECF No. 16, 6–9 (explaining the framework for each).

Anthony Kurta issued a memorandum (the "Kurta Memo") directing the Board to apply "liberal consideration" to "discharge relief [requests] when the application for relief is based in whole or in part on . . . PTSD."  Off. of the Under Sec'y of Def., *Clarifying Guidance to Military Discharge Review Boards and Boards for Correction of Military/Naval Record Considering Requests by Veterans for Modification of Their Discharge Due to Mental Health Conditions, Sexual Assault or Sexual Harassment* (August 25th, 2017) at 1.  Congress codified this liberal consideration directive later that year.  *See* 10 U.S.C. § 1552(h)(2)(B).  By statute, the Board must give "liberal consideration" when a veteran claims "that post-traumatic stress disorder . . . potentially contributed to the circumstances resulting in [his] discharge."  *Id.*

So Vasquez tried again in 2022.  Armed with new evidence—letters from his fellow soldiers indicating that he showed signs of PTSD prior to separating, plus an additional 10% VA rating for a traumatic brain injury—he asked the Board to reconsider its earlier decision and apply liberal consideration.  Compl. ¶ 18; A.R. at 6.  The Board again denied his request and maintained that the "evidence does not indicate the presence of a medical condition prior to the applicant's discharge that would have been a basis for referring him to the Disability Evaluation System."  Compl. ¶ 19; A.R. at 8.  The decision lists Vasquez's evidence but does not discuss it further.  *See* A.R. at 4–5.  In reaching its conclusions, the Board adopted the findings and recommendations of a Medical Adviser who reviewed Vasquez's medical and military records. *See* A.R. at 8.  The Medical Adviser was under the impression that the liberal consideration policy "do[es] not apply to" attempts to modify a "voluntary administrative separation"—the process Vasquez used to trigger his military discharge.  A.R. at 6.

Vasquez now appeals and says the Board's refusal to change his discharge to a medical retirement violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  He contends,

3

among other things, that the Board abused its discretion by failing to apply liberal consideration. Pl.'s Mot. Summ. J., ECF No. 14, at 10; *see also* Compl. ¶¶ 22–23. He wants the Court to vacate the decision and remand for reconsideration of his request under the proper standard. Compl. ¶¶ 26–27. The Secretary retorts that liberal consideration does not apply on these facts, and the Board reached the right outcome. *See* Def.'s Mot. Summ. J., ECF No. 16, at 2. The parties cross-moved for summary judgment, addressing this issue and the Board's overall findings. *See* Pl.'s Mot. Summ. J.; Def.'s Mot. Summ. J. The Court now turns to the motions.

## II.

The Court has jurisdiction to review APA claims under 28 U.S.C. § 1331. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 185 (D.C. Cir. 2006). Summary judgment in APA cases follows a different trajectory than in other civil cases. *Truitt v. Kendall*, 554 F. Supp. 3d 167, 174 (D.D.C. 2021). In APA cases, an agency has already made findings of fact, which are frozen in place in the administrative record. *Id.* Because courts are generally limited to reviewing the administrative record, they seldom have to decide whether disputed facts preclude summary judgment. *Id.* Instead, "when faced with a summary-judgment motion on an APA claim, the district court must determine *as a matter of law* whether the agency's decision was arbitrary, capricious, an abuse of discretion, or unlawful." *Id.* (cleaned up). Put another way, "[t]he entire case . . . is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (cleaned up).

Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As relevant here, "[a]n agency's decision is an abuse of discretion if the agency has applied an incorrect legal standard in making its decision."

*Buffalo Field Campaign v. Zinke*, 289 F. Supp. 3d 103, 109 (D.D.C. 2018) (citing *Price v. Dist. of Columbia*, 792 F.3d 112, 114 (D.C. Cir. 2015)).  If that happens, the remedy is to "set aside the agency's action and remand the case—even though the agency (like a new jury after a mistrial) might later, in the exercise of its lawful discretion, reach the same result for a different reason."  *FEC v. Akins*, 524 U.S. 11, 25 (1998).  Courts have done precisely that in response to flawed decisions by military correction boards.  *See, e.g.*, *Penland v. Mabus*, 181 F. Supp. 3d 100, 106 (D.D.C. 2016) (remanding because of a "legal error" by the Board for Correction of Naval Records).

### III.

The Kurta Memo requires the Board to liberally consider veterans' requests to modify their discharges because of PTSD.  *See Fisher v. United States*, 402 F.3d 1167, 1177 (Fed. Cir. 2005) ("[T]he military is bound to follow its own procedural regulations should it choose to promulgate them.").  A few years ago, an act of Congress codified this requirement.  *See* 10 U.S.C. § 1552(h).  Vasquez's situation is covered by both:  He wants the Board to modify his discharge because he thinks it came about "for reasons related to" his "undiagnosed" PTSD.  A.R. at 2.  Thus, the Board's failure to apply the correct standard—liberal consideration—was an abuse of discretion.  *See Buffalo Field Campaign*, 289 F. Supp. 3d at 109.

The Medical Adviser, and by extension the Board, reasoned that Vasquez falls outside the scope of the Kurta Memo and 10 U.S.C. § 1552(h) because he received a "voluntary administrative separation."  A.R. at 6.  The Secretary does not directly make this argument, but he repeatedly hints that the voluntary nature of Vasquez's discharge is relevant.  *See* Def.'s Mot. Summ. J. at 22; Def.'s Reply at 6.  Yet it is unclear why.  Neither the memo nor the statute distinguishes between voluntary and involuntary discharges, and the plain text of both directs

5

liberal consideration for any discharge involving PTSD. 10 U.S.C. § 1552(h)(1) ("review of a discharge"); Kurta Memo at 1 ("requests by veterans for modification of their discharges"). So the Secretary has offered no reason to conclude that voluntary discharge foils the liberal consideration mandate.

But what of a "separation" versus a "discharge"? Separation is just "[a] general term that includes discharge" (as well as a few other options) and signals the end of a servicemember's time on active duty. *See Enlisted Administrative Separations*, DoD Instruction 1332.14, Encl. 6, at 61. And the administrative separation provision applicable to Vasquez explicitly triggers a "discharge." *See* A.R. at 9 (quoting Army Regulation 635-200, Chapter 6-3); s*ee also Enlisted Administrative Separations*, DoD Instruction 1332.14, Encl. 6, at 60 ("[D]ischarge" is the "[c]omplete severance from all military status gained through enlistment."). So neither the voluntary nature of Vasquez's discharge nor the fact that it was an administrative separation takes it outside the ambit of 10 U.S.C. § 1552(h) and the Kurta Memo.

The Secretary's remaining arguments are unpersuasive. He maintains that liberal consideration applies "primarily to applications seeking discharge characterization upgrades." Def.'s Mot. Summ. J. at 22. Vasquez, in contrast, is asking the Board to convert his discharge into a medical retirement rather than upgrade his service characterization. So the Secretary reasons that liberal consideration is inapplicable. *See id.* Yet nothing in the plain text of the Kurta Memo or the codifying statute limits liberal consideration to service characterization upgrades.[3] *See Doyon v. United States*, 58 F.4th 1235, 1246 (Fed. Cir. 2023) (concluding the

---

[3] An older DoD memo predating the Kurta Memo and 10 U.S.C. § 1552(h) did apply liberal consideration to discharge characterizations only. *See* Off. of the Under Sec'y of Def., *Supplemental Guidance to Military Boards for Correction of Military/Naval Records Considering Discharge Upgrade Requests by Veterans Claiming Post Traumatic Stress Disorder* (September 3, 2014).

same). The Kurta Memo means what it says: Liberal consideration "appl[ies] to *any* petition seeking discharge relief" because of PTSD. Kurta Mem. at 3 (emphasis added). The trigger for liberal consideration is not whether the relief sought is a characterization upgrade; it is whether the "applications [are] based in whole or in part on matters related to . . . PTSD." *Id.* Vasquez's request meets that criterion.

The Secretary next contends that "the Board need not apply liberal consideration to its consideration of unfitness for medical disability retirement purposes." Reply at 5. For this, he points the Court to another DoD memorandum written after the Board's decision—the "Vazirani Memo." *See id.* The Vazirani Memo creates a two-step framework for the Board to follow when deciding whether to convert a discharge into a medical retirement. Off. of the Under Sec'y of Def., *Clarifying Guidance to Boards for Correction of Military/Naval Records Considering Cases Involving Both Liberal Consideration Discharge Relief Requests and Fitness Determinations* (April 4, 2024) at 1. The first step just reiterates the existing requirements in 10 U.S.C. § 1552(h) and the Kurta Memo. It says the Board must "apply liberal consideration to the [veteran's] assertion that" PTSD "potentially contributed to the circumstances resulting in their discharge" and then decide whether "any discharge relief . . . is appropriate." *Id.*

The real import of the Vazirani Memo comes from its second step: "*After* making that determination," the Board must then "separately assess the individual's claim of medical unfitness for continued service due to that PTSD . . . as a discreet issue, without applying liberal consideration to the unfitness claim." *Id.* at 1–2 (emphasis added). But even under the Vazirani Memo, the Board botched the first step by failing to apply liberal consideration when deciding

7

whether Vasquez had PTSD and whether that PTSD contributed to his discharge.[4]  The Secretary's argument about fitness determinations[5] only kicks in at step two, which does nothing to paper over the Board's legal error in step one.  Thus, the Vazirani Memo cannot save the Board's decision.

In sum, the Board applied the wrong legal standard by failing to give Vasquez's evidence liberal consideration.  So "as a matter of law . . . the agency's decision was . . . an abuse of discretion."  *Truitt*, 554 F. Supp. at 174.  As a remedy, Vasquez wants an order directing the Board to medically retire him.  *See* Pl.'s Reply at 14 (asking the Court to "order the correction of Plaintiff's military records").  But when the Board's decision has a legal error, the proper course is for the Court to order a redo of the decision under the correct standard.  *See PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995).  So the Court will grant only the alternative relief Vasquez requests and remand the Board's decision.  *See* Pl.'s Reply at 14–15 (requesting "[in] the alternative, . . . remand . . . to the [Board] with specific instructions to apply the correct legal standard").  On remand, the Board must give Vasquez's evidence liberal consideration.

* * *

It is not lost on the Court that liberal consideration is unlikely to get Vasquez where he wants to go.  Despite the Board's legal error, it is hard to parse out any injustice in Vasquez's situation.  He requested discharge, so the Army discharged him.  The Court is hard pressed to credit his assertion, years later, that the Army made a mistake by giving him what he sought.

---

[4]  Because the outcome is the same either way, the Court does not address Vasquez's contention that the Court cannot consider the Vazirani Memo because it post-dates the Board's decision. *See* Pl.'s Opp'n, ECF No. 18, at 9.

[5]  The Court does not reach the second step of the framework and takes no position on whether the Vazirani Memo is correct that liberal consideration under 10 U.S.C. § 1552(h) does not apply to fitness determinations.  Of course, no agency memo could trump Section 1552(h).

Such matters are beyond the scope of the Court's review though. "Under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *PPG Indus.*, 52 F.3d at 365. Even if his underlying claim is dubious, Vasquez is entitled to liberal consideration of his evidence. And he did not get that.

## IV.

For these reasons, the Court will grant Plaintiff's Motion for Summary Judgment, deny Defendant's Cross-Motion for Summary Judgment, and vacate and remand to the Board for reconsideration. A separate Order will issue today.

Dated: July 7, 2025

TREVOR N. McFADDEN
United States District Judge

9